# IN THE SUPREME COURT OF TENNESSEE
## AT JACKSON
### April 10, 2003 Session
### Heard at Dyersburg

# STATE OF TENNESSEE v. CHRISTOPHER M. FLAKE

**Appeal by permission from the Court of Criminal Appeals**
**Criminal Court for Shelby County**
**No. 97-09254 & 97-09255      Bernie Weinman, Judge**

---

**No. W2001-00568-SC-R11-CD - Filed August 5, 2003**

---

ADOLPHO A. BIRCH, JR., J., dissenting.

Although I fully concur with Justice Anderson's well reasoned dissent, I write separately to elaborate on the overriding principle expressed therein: the conduct relied upon by the majority as indicia of sanity is conduct that also is a symptom of mental illness that affected the defendant's ability to appreciate the nature or wrongfulness of his acts at the time of the offenses. The law does not intend that circumstantial evidence that would establish criminal intent in a "reasonable" person also be sufficient to convict a person who, by law, is considered "unreasonable."

Undisputed in the record is the fact that the defendant suffers from paranoid schizophrenia. Undisputed also is the fact that the symptoms of this disease may affect one's ability to understand the wrongfulness of his or her acts. While periods of remission are common with this disease, courts have universally accepted expert psychiatric testimony that when a person with paranoid schizophrenia is symptomatic, he or she will still behave "normally" in many respects.[1] Specifically, this Court has concluded that when determining whether a defendant who suffers from paranoid schizophrenia is legally insane, "proof of proper job functioning and normal appearance on the part

---

[1] See State v. Green, 643 S.W.2d 902, 910 (Tenn. Crim. App. 1982), in which the appellate court quoted medical experts as follows:

> [A] paranoid schizophrenic can operate in a *seemingly* normal way. . . . Paranoid schizophrenic people have a characteristic of what we call encapsulated delusions. That is they may have some abnormal thoughts that are about a very particular area and as long as you stay out of that area everything looks pretty good. When you get inside this area, then you realize that this doesn't make sense, it's illogical, it's bizarre, you know, it just doesn't make sense. When the person is functioning in areas which don't require any thinking about that particular problem, they can look pretty normal. They can get on a bus and ride the bus and no problem. But if somebody asks them a question or says something or makes a movement that they regard as threatening, suddenly all of this bizarre thinking takes charge and at that point they may react in any sort of way that's totally unexpected and totally irrational.

Judge Daughtrey concluded "the testimony of the various State witnesses, all of whom had had only brief contact with [the defendant] over a period of several weeks and described him as 'normal,' is not inconsistent with a determination that [the defendant] was insane at the time of the offense." Id.

of a paranoid schizophrenic is of questionable value." Forbes v. State, 559 S.W.2d 318, 325 (Tenn. 1977); see United States v. Lindstrom, 698 F.2d 1154, 1160 (11th Cir. 1983) (stating that "[a] paranoid schizophrenic, though he may appear normal and his judgment on matters outside his delusional system may remain intact, may harbor delusions of grandeur or persecution that grossly distort his reactions to events").

Thus, the symptoms of paranoid schizophrenia include "normal" behavior. "Normal" behavior is, in fact, consistent with the diagnosed illness. Consequently, it is legally illogical, and unfair as well, to allow an inference of sanity to be drawn from one's ability to behave "normally" prior to committing a crime. It is irrelevant whether a reasonable person who acted similarly would be considered to have premeditated a revengeful act. What is relevant, however, is whether the defendant was so delusional at the time of the offense that he lacked the ability to appreciate the wrongfulness of his acts.

Accordingly, I also would affirm the determination of the Court of Criminal Appeals that no reasonable trier of fact could have failed to find that the defendant was insane at the time of the offense. Having articulated the expanded view which led me to write separately, I join the dissenting opinion authored by Justice Anderson to the extent it does not conflict with the views herein expressed.

ADOLPHO A. BIRCH, JR., JUSTICE